**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ISAAC GRAY | : | |
| Petitioner | : | |
| v | : | Civil Action No. CCB-05-569 |
| J. MICHAEL STOUFFER, Warden | : | |
| Respondent | : | |

o0o

**MEMORANDUM**

This Petition for Writ of Habeas Corpus was filed February 28, 2005. Petitioner is not challenging the validity of his criminal conviction. Rather, Petitioner is asserting that the sentence imposed by the court is being incorrectly applied by the Division of Correction. Accordingly, although docketed as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, it is more correctly construed as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.

In response to this court's Order to Show Cause, Respondent has filed an Answer seeking dismissal of the petition[1]. Paper No. 5. Petitioner has filed two Replies, seeking, in part, partial summary judgment. Papers No. 9 and 10. Also pending is Petitioner's Motion for an Evidentiary Hearing. Paper No. 3. Upon review, this court finds an evidentiary hearing unnecessary to the disposition of the claims raised herein. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, the Petition will be denied.

**I.     Procedural History**

---

[1] The Answer was due on April 20, 2005, but was filed by Respondent on April 26, 2005, together with a Motion for Extension of Time. The Motion will be granted by separate Order.

Petitioner is serving a life sentence with a consecutive 25 year term for first degree rape, battery, and openly carrying a dangerous weapon.[2]  Paper No. 5 at Ex. 2 and 3.  He began serving his sentence on August 26, 1985.  *Id.* at Ex. 1.   He contends that Division of Correction Directives DCD 100-1, 100-005, 100-508, and 100-543 were not adopted in compliance with Maryland's Administrative Procedure Act[3] and are, therefore, unenforceable.  Petitioner has filed an additional motion for expansion of the record in this case, seeking to establish through introduction of a transcript of the Washington County Circuit Court proceeding, that counsel for the state conceded that the regulations were in fact unenforceable.

Petitioner became eligible for release on parole on August 26, 2000.  Paper No. 5 at Ex. 6.  The Parole Commission has not issued an order for Petitioner's delayed release, despite Petitioner's contention that he is entitled to same based on the sentencing judge's recommendation that he be placed into the Patuxent program.[4]  Paper No. 5 at Ex. 5, p. 3.

**II      Threshold Considerations**

The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights.  *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).  This exhaustion requirement is

---

[2] Petitioner has provided documentation with his second Reply indicating that his assault with intent to rape conviction was overturned on appeal.  Paper No. 10.

[3] *See* Md. Code Ann., St. Gov't §§ 10-101 *et seq*.

[4] Petitioner claims that at the time he was sentenced, the Patuxent program offered seven to ten years of treatment, and that it was the sentencing judge's intent that he would be released on parole after completing the program. *Id*.  Petitioner is no longer eligible for the program.

2

satisfied by seeking review of the claim in the highest state court with jurisdiction

to consider it. Petitioner first raised his claims in a petition for writ of habeas corpus filed in the Washington County Circuit Court. Paper No. 5 at Ex. 7. That court stayed the proceedings pending the issuance of a decision by the Court of Appeals in *Watkins, et al.*, *v. Secretary, Department of Public Safety and Correctional Services*, 377 Md. 34, 831 A. 2d 1079 (2003). After the Court of Appeals determined that changes to DCDs regarding custody classification, work release, and family leave were not laws within the meaning of the *ex post facto* clause, the Circuit Court denied the petition on January 3, 2004. *Id.* Upon denial of the petition, an application for leave to appeal to the Court of Special Appeals was filed and subsequently denied without opinion. *Id*. at Ex. 8 and 9. A petition for writ of certiorari was filed with the Court of Appeals and denied. *Id*. at Ex. 10 and 11. It appears that Petitioner's claims have been properly exhausted.

**III    Analysis**

Violation of a state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice". *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U. S. 424, 428 (1962)). The manner in which state correctional directives are adopted or promulgated is a matter of state law which does not present a cognizable federal issue. Petitioner's allegation that the DCDs which make it more difficult for him to achieve parole were not promulgated in compliance with Maryland's Administrative Procedure Act is not a basis for federal habeas relief. His motion for expansion of the record in this case will, therefore, be denied.

Petitioner's allegation that the changes put into effect have converted his parolable life sentence

to a non-parolable life sentence is without merit.  There is nothing in the regulation which states that parole is unavailable to persons serving a life sentence.   The current directive governing classification of prisoners serving a life sentence provides that

> Inmates serving life sentences currently housed in medium security who are refused parole shall be reviewed for return to maximum security upon notification of the parole refusal.  If the recommendation is to remain medium security, the action shall be reviewed by the Commissioner/designee. . . .  Only the Commissioner/designee can approve inmates serving life sentences who have been refused parole to remain in medium security.

DCD 100-005.II.O.1.c.   Specific to Petitioner's case, the directive provides that an inmate who is serving a term of confinement that includes a conviction for rape or rape in the first or second degree:

> . . . shall not be reduced below medium security unless approved for a delayed release contingent upon transfer to lesser security . . . or unless within one year of a mandatory supervision release date or maximum expiration release date.

DCD 100-005.II. R.5.a.

The decision to recommend a prisoner for release on parole is a discretionary one entrusted to the Maryland Parole Commission.   The Constitution itself does not create a protected liberty interest in the expectation of early release on  parole. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U. S. 1, 7 (1979); *see also Jago v. Van Curen*, 454 U. S. 14, 18– 20 (1981) (mutually explicit understanding that inmate would be paroled does not create liberty interest). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz*, 442 U.S. at 7.    "It is therefore axiomatic that because . . . prisoners have no protected liberty interest in parole they cannot mount a challenge against a state

parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir.), *cert. denied*, 118 S. Ct. 559 (1997). Petitioner was not promised parole either when he was sentenced or when his case was reviewed by the Parole Commission. The failure of the Parole Commission to recommend Petitioner for a delayed release contingent on his transfer to a lower security level does not infringe upon a constitutionally protected liberty interest.[5]

Petitioner's assertion in his state habeas petition that the changes implemented with respect to custody classification for persons serving a life sentence violates the *ex post facto* clause has been addressed by the Maryland Court of Appeals. On facts identical to the instant claim, that court found that the directive which permits prisoners serving a life sentence to be classified to a security lower than medium security only if the Maryland Parole Commission recommends a delayed release contingent on progression to lower security levels is not a law to which *ex post facto* prohibitions apply. *Watkins v. Secretary, Department of Public Safety and Correctional Services*, 377 Md. 34, 50, 831 A. 2d 1079, 1088 (2003). Gray does not press his *ex post facto* claim in this court.

---

[5] To the extent that Petitioner asserts an equal protection claim regarding restrictions on progression to lower security classifications, the directives also exclude from lower security classification inmates who have escaped from a pre-release unit; inmates who have been convicted of a new criminal offense during their current term of confinement; and inmates who are serving a sentence for a crime of violence as defined by Maryland law. DCD 100-005. These exclusions are made without regard to whether or not the subject inmate is serving a life sentence and clearly intended to serve the legitimate interest of the state to promote public safety. Where, as here, no suspect criterion such as race is involved, the proper inquiry is whether the statute or regulation serves a legitimate state interest and whether the challenged classification is rationally related to it. *Moss v. Clark*, 886 F. 2d 686, 690 (4th Cir. 1989).

Accordingly, having found no basis for issuance of a writ of habeas corpus in this case, the Petition shall be dismissed by separate order which follows.

| | |
|---|---|
| __June 7, 2005__ | _____/s/_____ |
| Date | Catherine C. Blake |
| | United States District Judge |